McKEOWN, J.,
dissenting
I respectfully dissent. The disposition concludes that the California Court of Appeal “recognized the state court’s error to be of federal constitutional magnitude”— and thus that the court decided the constitutional question in Ardoin’s favor. The Court of Appeal’s analysis does not support this conclusion. Rather, the court acknowledged the constitutional dimensions of the error, but determined that the error did not rise to the level of a constitutional violation under either federal or state law. This decision must be afforded deference under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2264, and habeas relief is unavailable unless the Court of Appeal’s determination that there was no constitutional error is “so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” Harrington v. Richter, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).
Here, fairminded jurists could certainly disagree about the existence of a federal constitutional error. No Supreme Court case clearly establishes that a trial court’s refusal to reopen closing arguments is a violation of the Sixth Amendment, see 28 U.S.C. § 2254(d)(1), and we cannot rely on our own precedent to determine “that a particular constitutional principle is ‘clearly established.’ ” Lopez v. Smith, — U.S. —, 135 S.Ct. 1, 2, 190 L.Ed.2d 1 (2014) (per curiam).
The majority cites Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), and Sheppard v. Rees, 909 F.2d 1234 (9th Cir. 1989), to support the determination of a constitutional violation. However, Herring is distinguishable from Ar-doin’s case. In Herring, the Supreme Court concluded that “there can be no justification for a statute that empowers a trial judge to deny absolutely the opportunity for any closing summation at all,” and noted the high toll that “total denial of final argument” can impose on defendants. Id. at 863, 95 S.Ct. 2550. Here, Ardoin was not absolutely denied the right to closing argument, and, particularly in light of the Supreme Court’s repeated exhortations to “the lower courts — and the Ninth Circuit in particular — against framing [Supreme Court] precedents at ... a high level of generality,” Lopez, 135 S.Ct. at 4, Herring cannot “establish clearly the specific rule [Ardoin] needs.” Id. Likewise, as a circuit case, Sheppard fails to provide the benchmark necessary to clearly establish a constitutional violation. Id.
Separately, I question the majority’s harmlessness analysis under Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Brecht provides that relief may only be granted if there is “grave doubt” that the trial error had a “substantial and injurious effect or influence in determining the jury’s verdict.” O’Neal v. McAninch, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). Brecht requires more than a “reasonable possibility” that the error alleged was harmful. Davis v. Ayala, — U.S. —, 135 S.Ct. 2187, 2198, 192 L.Ed.2d 323 (2015) (citations omitted). The Brecht standard reflects the view that a “State is not to be put to th[e] arduous task [of retrying a defendant] based on mere speculation that the defendant was prejudiced by trial error; the court must find that the defendant was actually prejudiced by the error.” Id. (quoting Calderon v. Coleman, 525 U.S. 141, 146, 119 S.Ct. 500, 142 L.Ed.2d 521 (1998) (per curiam)).
*540 Here, the error did not have a “substantial and injurious effect” on the jury verdict for the very reasons identified by the Court of Appeal: (1) Ardoin was on notice of his potential culpability under the felony-murder rule as an aider-and-abettor; (2) defense counsel knew that felony-murder and aider-and-abettor principles were at issue; and (3) the primary theory of the defense was that Ardoin was not present when the murder took place — and thus could not have participated as either the principal or as an aider and abettor. Accordingly, I would affirm the district court’s denial of habeas corpus relief.